Jason M. Ingber (SBN 318323)
**Ingber Law Group**
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Tel: (213) 805-8373
E-mail: ji@jasoningber.com

Attorneys for Plaintiff Aliza Ingber

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ALIZA INGBER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>SAUCE, INC., a California corporation and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.:<br><br>**CLASS ACTION COMPLAINT FOR:**<br><br>(1) **VIOLATIONS OF CONSUMER LEGAL REMEDIES ACT (Cal. Civ. Code § 1750 et seq.)**<br>(2) **VIOLATIONS OF CAL. BUS. & PROF. CODE § 17200 et seq.**<br>(3) **FRAUD**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Aliza Ingber ("Plaintiff"), individually and on behalf of all others similarly situated, complains and alleges as follows:

- 1 -
**COMPLAINT FOR DAMAGES**

# INTRODUCTION

1. This is a class action against Sauce, Inc. ("Sauce" or "Defendant") for engaging in unfair, unlawful, and fraudulent business practices in connection with its food delivery service.

2. Defendant Sauce operates a mobile application-based food delivery service that allows customers to order food from local restaurants for delivery. Sauce markets itself as providing timely, reliable, and convenient food delivery services.

3. Plaintiff and Class Members ordered food through Sauce's delivery service with the reasonable expectation that their food would be delivered in a timely manner, as represented. However, contrary to Sauce's representations, Plaintiff and Class Members experienced significant delays in their food deliveries, sometimes waiting hours beyond the estimated delivery time.

4. Even more problematic, when customers contacted Sauce about delays, Sauce representatives repeatedly and falsely assured them that drivers were "on the way," when in fact deliveries were still hours from arrival.

5. After receiving severely delayed deliveries of cold, inedible food, Plaintiff and Class Members were systematically denied timely refunds by Sauce, despite multiple requests and promises from customer service representatives.

6. Sauce employs a deliberate strategy of delaying, obstructing, and ultimately denying legitimate refund requests, forcing customers to dispute charges with their banks, and then using those disputes as an excuse to further delay or deny refunds.

7. Through this action, Plaintiff seeks to put an end to Sauce's unfair, fraudulent, and deceptive business practices and to recover appropriate damages and restitution for herself and the proposed Class.

# JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this class action pursuant to 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005, because the matter in controversy exceeds $5,000,000, exclusive of interest and costs, and is a class action in which some members of the Class are citizens of states different than Defendant.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiff resides in this District, Defendant conducts substantial business in this District, and the transactions at issue occurred within this District.

## PARTIES

10. Plaintiff Aliza Ingber is a resident of Los Angeles County, California. In February 2025, Plaintiff placed an order through Sauce for food delivery from Krembo Cafe.

11. Defendant Sauce, Inc. is, upon information and belief, is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 578 Washington Blvd., #501, Marina del Rey, CA 90292, conducts business throughout California and the United States, marketing and providing food delivery services to consumers through its mobile application and website.

## FACTUAL ALLEGATIONS

**Plaintiff's Experience**

12. On February 14, 2025, Plaintiff placed an order through Sauce's mobile application for food delivery from Krembo Cafe. The order was placed at approximately 12:30-1:00 PM, with an expected delivery time that was represented to be within a reasonable timeframe, typically 30-60 minutes for food delivery services.

13. After placing her order, Plaintiff waited for her delivery but the food did not arrive within the expected timeframe. Concerned about the delay, Plaintiff contacted Sauce through the application's customer service chat feature.

**COMPLAINT FOR DAMAGES**

14. Each time Plaintiff inquired about the status of her order, Sauce representatives falsely assured her that a driver was "on the way" with her order, creating the false impression that delivery was imminent.

15. Despite these repeated assurances, Plaintiff's order was not delivered until approximately 5:00 PM– nearly four hours after she placed the order.

16. By the time the food arrived, Plaintiff had been forced to prepare alternative meals for her children who were hungry and could not wait indefinitely for the significantly delayed delivery.

17. Additionally, when the food finally arrived, it was cold and inedible, and the order was completely mixed up, not containing the items Plaintiff had ordered.

18. Plaintiff contacted Sauce's customer service to request a refund for the $450 order that arrived extremely late, incorrect, and inedible.

19. Despite multiple assurances from Sauce representatives that a refund would be processed, Plaintiff did not receive a refund. Instead, Sauce engaged in a pattern of delay and obfuscation: a. On March 18, 2025, Sauce claimed the transaction had been disputed with Plaintiff's bank, which blocked their ability to process a refund; b. On March 20, 2025, after Plaintiff clarified that her bank had ended the dispute and charged her, Sauce promised to submit the information to their "e-Payments team" and get back to her; c. On March 21, 2025, Sauce claimed the case had been forwarded to their Payments Team for review, with an update expected within 5-7 business days; d. On March 28, 2025, Sauce falsely claimed that their Payments Team had already approved the refund on March 24, 2025, and that Plaintiff should have received a confirmation email; e. When Plaintiff stated she had not received any confirmation email, Sauce reverted to claiming that the charge was still being disputed by her bank; f. On March 30, 2025, despite Plaintiff's repeated statements that her bank had dropped the dispute, Sauce continued to falsely claim that the dispute was "still active" and would not be resolved for "another week"; and g. On April 1, 2025, after Plaintiff again confirmed with her bank that the case was closed,

Sauce still refused to process the refund, continuing to falsely claim that the dispute was "still active."

20. This protracted refund denial process continued until Plaintiff's brother, an attorney, intervened and threatened legal action, including a class action lawsuit, if the refund was not processed by April 8, 2025.

21. Sauce's pattern of conduct caused Plaintiff significant frustration, wasted time, financial loss, and emotional distress.

**Groupon's Deceptive Business Practices**

22. Sauce's business model depends on encouraging consumers to place food delivery orders through its mobile application and website, with the promise of convenient, timely delivery.

23. Sauce systematically misrepresents estimated delivery times to induce customers to place orders, knowing that actual delivery times often far exceed these estimates.

24. When customers inquire about delayed orders, Sauce representatives routinely provide false assurances that drivers are "on the way," even when deliveries are still hours from arriving.

25. Upon information and belief, Sauce has received numerous complaints about excessive delivery delays from other consumers but has failed to address these issues or provide accurate delivery time estimates.

26. Sauce also employs a deliberate strategy to avoid issuing refunds for failed deliveries, including: a. Repeatedly transferring refund requests between different departments; b. Imposing arbitrary waiting periods of "5-7 business days" or more; c. Falsely claiming that refunds have already been processed; d. Falsely claiming that customer disputes with banks prevent refunds, even after customers confirm those disputes have been closed; and e. Requiring multiple follow-ups from customers, hoping they will eventually abandon their refund requests.

27. This systematic refund denial strategy is designed to improve Sauce's bottom line at the expense of consumers who have legitimate claims for refunds due to Sauce's failure to provide the services promised.

28. Sauce's practices constitute a systematic pattern of unfair, deceptive, and fraudulent business practices that violate California law.

## CLASS ACTION ALLEGATIONS

29. Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23. Plaintiff seeks to represent the following Class: *All persons in the United States who, within the applicable statute of limitations period, ordered food delivery through Sauce, experienced significant delays in delivery (defined as deliveries arriving more than one hour after the estimated delivery time), and were denied timely refunds after requesting them (the "Nationwide Class").*

30. Plaintiff also seeks to represent a subclass defined as: *All persons in the State of California who, within the applicable statute of limitations period, ordered food delivery through Sauce, experienced significant delays in delivery (defined as deliveries arriving more than one hour after the estimated delivery time), and were denied timely refunds after requesting them (the "California Subclass").*

31. Excluded from the Class and Subclass are: (a) Defendant, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Defendant has a controlling interest; (b) governmental entities; (c) the judge to whom this case is assigned, the judge's staff, and members of their immediate families; and (d) all persons who make a timely election to be excluded from the Class.

32. This action is properly maintainable as a class action because: a. The Class is so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown at this time, Sauce has millions of users who order food delivery. Upon information and belief, thousands of consumers have experienced the

- 6 -
**COMPLAINT FOR DAMAGES**

same or similar issues with Sauce's delivery delays and refund denial practices. b. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common questions include, but are not limited to:

    i. Whether i. Whether Sauce misrepresents its delivery timeframes;
    ii. Whether Sauce's customer service representatives routinely provide false information about orders or refunds;
    iii. Whether Sauce has a policy or practice of systematically denying or delaying legitimate refund requests;
    iv. Whether Sauce's conduct violates California's Consumer Legal Remedies Act;
    v. Whether Sauce's conduct violates California's Unfair Competition Law;
    vi. Whether Sauce has engaged in fraudulent conduct;
    vii. Whether Plaintiff and Class members are entitled to restitution, and if so, the appropriate measure of such restitution;
    viii. Whether Plaintiff and Class members are entitled to injunctive relief.

c. Plaintiff's claims are typical of the claims of the Class members. Plaintiff and all Class members were subject to the same unfair and deceptive practices by Groupon and suffered similar harm. d. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

Plaintiff has no interests adverse or antagonistic to those of the Class. e. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The damages or other financial harm suffered by individual Class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would thus be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs done to them. Furthermore, individualized litigation

would create the danger of inconsistent or contradictory judgments arising from the same set of facts and would increase the delay and expense to all parties and the court system. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of time, effort and expense, and provides comprehensive supervision by a single court.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT

### Cal. Civ. Code § 1750, et seq.

*(On Behalf of the California Subclass)*

33. Plaintiff realleges and incorporates by reference all paragraphs alleged above.

34. Plaintiff brings this claim individually and on behalf of the California Subclass.

35. The California Consumer Legal Remedies Act ("CLRA") prohibits "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or that results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a).

36. Plaintiff and California Subclass members are "consumers" as defined by Cal. Civ. Code § 1761(d).

37. Sauce's food delivery service constitutes "services" as defined by Cal. Civ. Code § 1761(b).

38. Sauce violated and continues to violate the CLRA by engaging in the following unfair and deceptive practices in transactions with Plaintiff and California Subclass members that were intended to result in, and did result in, the sale of food delivery services: a. Representing that services have characteristics, uses, or benefits that they do not have (Cal. Civ. Code § 1770(a)(5)); b. Representing that services are of a particular standard, quality, or grade, if they are of another (Cal. Civ. Code § 1770(a)(7)); c. Advertising services with intent not to sell them as advertised (Cal. Civ. Code § 1770(a) (9)); and d. Representing that the subject of a transaction has

been supplied in accordance with a previous representation when it has not (Cal. Civ. Code § 1770(a)(16)).

39. Specifically, Sauce misrepresented the nature, characteristics, and quality of its delivery service by: a. Misrepresenting estimated delivery times; b. Falsely assuring customers that drivers were "on the way" when deliveries were still hours from arriving; c. Misrepresenting the status of refund requests; and d. Falsely claiming that bank disputes prevented refunds when they did not.

40. Sauce's unfair and deceptive acts and practices were intended to and did result in the sale of food delivery services to Plaintiff and California Subclass members.

41. Plaintiff and California Subclass members reasonably relied upon and were deceived by Sauce's misrepresentations and omissions regarding the nature and quality of its delivery service.

42. As a direct and proximate result of Sauce's violations of the CLRA, Plaintiff and California Subclass members have suffered injury in fact and lost money.

43. Pursuant to Cal. Civ. Code § 1782, concurrently with the filing of this Complaint, Plaintiff has served Sauce with notice of its CLRA violations by certified mail, return receipt requested. The CLRA notice letter advised Sauce of its violations and demanded that Sauce remedy those violations within 30 days. If Sauce fails to provide appropriate relief for its CLRA violations within 30 days, Plaintiff will amend this complaint to seek monetary damages under the CLRA.

44. Notwithstanding any other statements in this Complaint, Plaintiff does not currently seek monetary damages under the CLRA. Plaintiff solely seeks injunctive relief under the CLRA at this time.

45. Plaintiff and the California Subclass members seek an order enjoining Sauce from the unlawful practices described herein, a declaration that Sauce's conduct violates the CLRA, and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

# VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW
## Cal. Bus. & Prof. Code § 17200, et seq.
### *(On Behalf of the California Subclass)*

46. Plaintiff realleges and incorporates by reference all paragraphs alleged above.

47. Plaintiff brings this claim individually and on behalf of the California Subclass.

48. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, et seq., prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising."

49. In the course of conducting business, Sauce committed "unlawful" business practices by, among other things, violating the CLRA as alleged herein.

50. Sauce has engaged in "unfair" business practices by: a. Misrepresenting delivery timeframes to induce customers to place orders; b. Providing false information about the status of deliveries; c. Systematically delaying and denying legitimate refund requests; d. Fabricating obstacles to refund processing; and e. Forcing customers to make multiple contacts to pursue legitimate refunds.

51. These practices are immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers. The gravity of the harm to Plaintiff and Class members outweighs any possible utility of Sauce's conduct. There are reasonably available alternatives that would further Sauce's legitimate business interests while not engaging in the unfair practices described herein.

52. Sauce has also engaged in "fraudulent" business practices by making misrepresentations and omissions regarding its delivery service that were likely to deceive reasonable consumers, including: a. Misrepresenting estimated delivery times; b. Falsely assuring customers that drivers were "on the way"; c. Falsely claiming that refunds had been processed when they had not; and d. Falsely claiming that bank disputes prevented refunds when they did not.

53. Sauce's misrepresentations and omissions were material to Plaintiff and California Subclass members, who would not have placed orders with Sauce, or would have paid less for them, had they known the truth.

54. As a direct and proximate result of Sauce's unfair, fraudulent, and unlawful practices, Plaintiff and California Subclass members have suffered injury in fact and lost money or property.

55. Pursuant to Cal. Bus. & Prof. Code § 17203, Plaintiff and the California Subclass seek an order enjoining Sauce from engaging in the unfair, unlawful, and fraudulent business practices described herein, an order requiring Sauce to provide accurate delivery time estimates to consumers, and an order requiring Sauce to process legitimate refund requests promptly and honestly.

56. Plaintiff and the California Subclass further seek an order for the disgorgement and restitution of all monies wrongfully obtained from Plaintiff and the California Subclass by means of Sauce's unfair and unlawful business practices.

### THIRD CAUSE OF ACTION
### FRAUD
*(On Behalf of the Nationwide Class)*

57. Plaintiff realleges and incorporates by reference all paragraphs alleged above.

58. Plaintiff brings this claim individually and on behalf of the Nationwide Class.

59. Sauce made material misrepresentations and omissions about its delivery service, including: a. Misrepresenting estimated delivery times; b. Falsely assuring customers that drivers were "on the way" when deliveries were still hours from arriving; c. Falsely claiming that refunds had been processed when they had not; and d. Falsely claiming that bank disputes prevented refunds when they did not.

60. Sauce knew these representations were false when made, or made them recklessly and without regard for their truth.

61. Sauce intended that Plaintiff and Class members rely on these misrepresentations and omissions.

62. Plaintiff and Class members reasonably relied on Sauce's misrepresentations and omissions when placing orders for food delivery.

63. As a direct and proximate result of Sauce's fraud, Plaintiff and Class members suffered injury in the form of monies paid for delivery services that were not provided as represented, wasted time waiting for significantly delayed deliveries, the cost of alternative meals when deliveries were excessively delayed, and other damages.

64. Sauce's conduct was willful, wanton, malicious, and in conscious disregard of the rights of Plaintiff and Class members, entitling them to punitive damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

    A. Certify this case as a class action pursuant to Federal Rule of Civil Procedure 23;

    B. Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

    C. Award declaratory and injunctive relief as permitted by law or equity, including a preliminary and permanent injunction enjoining Sauce from continuing the unlawful practices alleged herein;

    D. Award restitution and disgorgement of all monies Sauce acquired by means of the unlawful practices described herein;

    E. Award actual, compensatory, statutory, and punitive damages as appropriate;

    F. Award pre-judgment and post-judgment interest at the maximum rate permitted by law;

    G. Award reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action; and

H. Grant such other legal and equitable relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

Dated: April 3, 2025                     INGBER LAW GROUP

By: */s/ Jason M. Ingber*
Jason M. Ingber (SBN 318323)
3580 Wilshire Blvd., Suite 1260
Los Angeles, California 90010
Tel: (213) 805-8373
Email: ji@jasoningber.com
Attorney for Plaintiff

**COMPLAINT FOR DAMAGES**